## Pittsburgh, Ft. Wayne and Chicago R. R. Co. *et al.*

### *v.*

### Chester Hazen.

1. Common carrier—*what competent to be shown as an excuse for delay in transit of goods.* In a suit against a railroad company for damages resulting from delay in the transit of freight, it is competent for the company to show that the delay was caused solely by the lawless, irresistible violence of men who were not in the employment of the railroad company.

2. Same—*railroad company liable for delay caused by its employees, but not by others.* Where delay in the transit of goods by a railway company is caused by the refusal of its employees to do duty, the company is liable for any damage resulting from such delay; but where the delay results solely from the lawless violence of men not in its employ, the company is not responsible, even though the men whose violence causes the delay may have been but a short time before in the employment of the company.

3. Same—*duty and liabilities in case of a "strike," among its employees.* Where the employees of a railroad company suddenly refuse to work, and are discharged, and delay results from the failure of the company to promptly supply their places, the company is responsible for any damage caused by such delay; but where the places of the recusant employees are promptly supplied by other competent men, and the "strikers" then prevent the new employees from doing duty by lawless and irresistible violence, the company is not responsible for delay caused solely by such lawless violence.

Appeal from the Superior Court of Cook county; the Hon. Josiah McRoberts, Judge, presiding.

Mr. F. H. Winston, Mr. George Willard, and Mr. B. C. Cook, for the appellants.

Mr. T. A. Moran, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

On the 10th of December, 1870, Hazen shipped, by the freight line of the railway company, a quantity of cheese from Chicago to New York. The cheese was delivered to the consignees, at New York, on the 28th of December—eighteen days after the shipment. The proofs tended to show that the usual period of such transit, at that time, did not exceed twelve days; that the weather from the 10th to the 23d was not severely cold, but that severe cold occurred between the 23d and 28th, and that the cheese, when delivered in New York, was frozen, and thereby damaged to the amount of $1100.55, and for this amount was the verdict and judgment in favor of Hazen, from which the railway company appeals.

As an excuse for this delay beyond the usual period of such transit, the defendant, at the trial below, sought to prove that the sole cause of the delay was the obstruction of the passage of trains in the neighborhood of Leavitsburg, resulting from the irresistible violence of a large number of lawless men, acting in combination with brakemen, who, up to that time, had been employed by the railway company; that the brakemen refused to work, and were discharged, and other brakemen promptly employed, but the moving of trains was prevented by the threats and violence of a mob. This evidence was objected to by the plaintiff, and excluded by the court.

This, we think, was error. It is, doubtless, the law, that railway companies can not claim immunity from damages for injuries resulting in such cases from the misconduct of their employees, whether such misconduct be wilful or merely negligent. If employees of a common carrier suddenly refuse to work, and the carrier can not promptly supply their places with other employees, and injury results from the delay, the carrier is responsible;—such delay results from the fault of the employees. The evidence offered in this case, however, tends to prove that the delay was not the result of a want of suitable employees to conduct the trains, for the places of the " strikers " were, according to the proof offered, promptly sup-

plied by others. The proof offered, tends to show that the delay was caused by the lawless and irresistible violence of the discharged brakemen, and others acting in combination with them. These men, at the time of this lawlessness, were no longer the employees of the company. The case supposed is not distinguishable in principle from the assault of a mob of strangers.

All the testimony on this subject should have been submitted to the jury, for their determination of the question whether, under all the circumstances, the period of transit was unnecessarily long.

For the delay resulting from the refusal of the employees of the company to do duty, the company is undoubtedly responsible. For delay resulting solely from the lawless violence of men not in the employment of the company, the company is not responsible, even though the men whose violence caused the delay had, but a short time before, been employed by the company.

Where employees suddenly refuse to work, and are discharged, and delay results from the failure of the carrier to supply promptly their places, such delay is attributable to the misconduct of the employees in refusing to do their duty, and this misconduct in such case is justly considered the proximate cause of the delay; but when the places of the recusant employees are promptly supplied by other competent men, and the "strikers" then prevent the new employees from doing duty by lawless and irresistible violence, the delay resulting solely from this cause is not attributable to the misconduct of employees, but arises from the misconduct of persons for whose acts the carrier is in no manner responsible.

The judgment is, therefore, reversed, and the cause remanded for a new trial.

*Judgment reversed.*

Walker, Craig and Scholfield, JJ.: We dissent from the reasoning and conclusion in the foregoing opinion.