·MEYER GEISMER, PLAINTIFF, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, DEFENDANTS.

*Common carrier — a strike of its employees is no defense to an action for delay in carrying property, if the strike originated among such employees.*

An action was brought to recover damages occasioned by the delay of the defendant, a railroad company, in delivering car loads of cattle and hogs which it had agreed to transport from Toledo to Buffalo; the defendant set up as a defense that the delay was occasioned by a strike of its employees near Cleveland; that the defendant had the necessary engines and cars and the required number of employees to run them, but were prevented from so doing by the forcible acts of the strikers. The evidence made it a question for the jury to decide whether or not the strike originated with and was carried on by defendant's employees, or whether it originated with and was carried on by strangers. The court charged, in effect, that if the strike originated with persons not in the employ of defendant, and they carried on and controlled it, the plaintiff could not recover, but that if it originated with the employees of the defendant and was maintained by them, and terminated when they saw fit, then the plaintiff could recover even though the strikers were assisted by some outside persons who sympathized with them.

*Held*, that the charge was correct, and that a verdict in favor of the plaintiff would not be disturbed.

MOTION for new trial upon exceptions taken by the defendant, and ordered to be heard in the first instance at the General Term; judgment upon a verdict in favor of the plaintiff being in the meantime suspended.

*George L. Lewis*, for the plaintiff.

*Greene, McMillan & Gluck*, for the defendant.

HAIGHT, J.:

This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the delay of the defendant in delivering several car-loads of cattle and hogs which it was transporting from Toledo to the city of Buffalo. The delay occurred at Collingwood, near Cleveland, and was occasioned by a strike of the employees of the defendant. The defendant had the necessary cars, engines and crews to make up, manage and draw the trains required to carry the stock through to its destination, but was prevented from doing so by the forcible acts of the strikers, who took possession of the locomotives, detached the hose, let out the water, uncoupled the cars, carried away and hid the coupling-pins and links, and placed the engines in the round-house and barricaded the doors. On the trial it was claimed on behalf of the plaintiff that this was done by the employees of the defendant, whilst, on the part of the defense, it was claimed that the strike was commenced and carried on by a lawless assemblage of persons not the employees of the company, but with whom some of the employees joined and took part.

The court, among other things, charged the jury that "if the defendant's employees were willing to carry on the business, and other men who have been mentioned sought to prevent those who were willing to work from carrying on its business, and continuing their labor; and that it was effective and sufficient to prevent those who were willing from going into the employ of the company; and that this combination was strong and powerful — strong in its moral position, strong in its physical powers to overmass and control the situation and prevent the company from bringing out its engines and starting out the trains, and so extended from Cleveland to Buffalo, embracing Erie, it is no excuse for the delay

because, if the strikers were the defendant's employees, they represented the defendant, they were its servants, its agents, and their acts were the acts of the corporation."

The court had just been speaking of the striking employees of the company, and by the expression "the other men who have been mentioned," doubtless referred to such striking employees. The court was requested by the defendant to charge that "if the jury believed from the evidence that on and after the 21st day of July, 1877, the railroad tracks, depots and rolling stock of the defendant were taken forcible possession of by a body or bodies of armed men, among whom were some of its employees, and that they continued to hold possession thereof by force of arms for several days, by reason of which the delivery of plaintiff's stock at Buffalo was delayed until August 4, 1877, the plaintiff cannot recover." Also, "that if the cause of the detention of plaintiff's stock arose from forcible resistance of late employees of the defendant, the defendant having at all times a sufficient force of faithful employees to have operated and run the defendant's road, had it not been for such forcible resistance, then the plaintiff cannot recover."

The exceptions by the defendant to the charge and to these refusals to charge, raise the only questions to be disposed of upon this motion. The substance of the charge quoted is that if the strike originated with persons not in the employ of the defendant, and they carried on and controlled it, the plaintiff could not recover, but if it originated with the employees of the defendant, was maintained by them and terminated when they saw fit, the plaintiff could recover, even though they were assisted by some outside persons who sympathized with them.

From the evidence taken upon the trial it became a question of fact as to whether or not the strike originated with and was carried on by the defendant's employees, and this question was properly submitted to the jury. The jury having found in favor of the plaintiff, it only becomes necessary now to determine whether or not the defendant is excused from liability by reason of the forcible resistance of its employees. This precise question does not appear to have been passed upon in the courts in this State. In the case of *Blackstock* v. *The New York and Erie Railroad Company* (20 N. Y., 48), the damages sustained were for a delay in

the carriage of a quantity of potatoes. The delay was occasioned by reason of a strike of the engineers of the railroad company. In that case it was held that although the officers of the company were without the slightest fault, the corporation was responsible for the damages caused by a delay in transporting the property, which resulted from the strike. In that case there does not appear to have been any violence used on the part of the striking engineers. It does not appear, however, that the railroad company was unable to find other competent men with whom they could safely intrust the running of their engines. The court laid down the rule that the railroad company is liable for the misconduct of its servants, and that it makes no difference whether such misconduct was willful or from carelessness, if their action was within the scope of their employment.

In the case of *Weed* v. *The Panama Railroad Company* (17 N. Y., 362), the action was for damages sustained by a passenger by reason of the willful act of the conductor in stopping the train and detaining it over night. It was held that the company was under contract to transport the passenger with reasonable dispatch to his place of destination, and that by its failure to do so it was guilty of a breach of contract, and that the plaintiff could recover, notwithstanding the act of the conductor in stopping the train was willful; that he was acting within the scope of his employment. The rule, as laid down in this case, is sufficiently broad to cover the case under consideration. The employees of the defendant were engaged in running the trains of the company. They stopped the trains at Collingwood, detained them there, and thus prevented the property of the plaintiff from being transported to its place of destination, in the same manner as the conductor stopped the train in the case of Panama Railroad Company, and prevented the transportation of the passenger. Under the authority of that case they were servants acting within the scope of their employment. This case is cited with approval in the case of *Mott* v. *The Consumers' Ice Company* (73 N. Y., 543).

In the case of the *Indianapolis and St. Louis Railroad Company* v. *Juntegen* (manuscript opinion of the Appellate Court of the Third district of Illinois), the action was for damages occasioned at the same time and by the same strike which is the subject of

consideration in this action. The court in that case held that the plaintiff was not entitled to recover. It, however, placed its decision upon the ground that it appeared from the evidence upon the trial that but a small portion of the strikers had been in the employ of the defendant's company; that they had left their employment and joined the strike, and that the great body of strikers were men not in the employ of the company. The evidence in the case under consideration appears to be quite different upon this branch, making it a proper question for the jury.

In the case of the *Pittsburg, Fort Wayne and Chicago Railroad Company* v. *Hazen* (84 Ill., 36), the action was for damages occasioned in consequence of a strike. The rule was there stated as follows: "From the delay resulting from the refusal of the employes of the company to do duty, the company is undoubtedly responsible. For delay resulting solely from the lawless violence of men not in the employment of the company, the company is not responsible even though the men whose violence caused the delay had but a short time before been employed by the company.

In the case of the *Pittsburg, Cincinnati and St. Louis Railroad Company* v. *Hollowell* (65 Ind., 188), the action was for damages occasioned by the breach of an agreement to ship live stock, and such breach was occasioned by a strike among the employes of the company. The question was raised upon a demurrer to the pleading. The majority of the court held the pleading insufficient but differed in reference to its construction, and not in reference to the rule of law applicable. The rule as there stated is, that whether the persons causing the delay complained of were the employees of the defendant or not, was a question of fact for trial, and that where the delay was caused by a strike or mob composed solely of the employees of the railroad company, the company will not be excused from carrying the freight in accordance with its contract.

This case appears to be in point and in accordance with the weight of authority in this State. We do not regard it as in conflict with the case of the *Pittsburg, Fort Wayne and Chicago Railroad Company* v. *Hazen* (*supra*). In that case the evidence tended to show that the striking employees had been discharged by the company, and that the acts of violence took place after they

had ceased to be employees. In that respect it is distinguishable from the case under consideration.

We are, therefore, of the opinion that the motion for a new trial should be denied, and that the plaintiff should have judgment on the verdict.

SMITH, P. J., and BRADLEY, J., concurred; BARKER, J., not sitting.

New trial denied and judgment ordered for the plaintiff on the verdict.