## I. & G. N. R. R. Co. v. SERVER & STILES.

### (No. 5904.)

ERROR from Williamson County. Opinion by WILL-SON, J.

*(Transferred from Austin.)*

MAXEY & FISHER, counsel for plaintiff in error.

A. S. FISHER and COCHRAN & PARKER, counsel for defendants in error.

§ 441. *Railroad strike; liability of railroad company for delay in transporting freight in case of; rules as to; case stated.* On March 5, 1886, Server & Stiles delivered to the agent of the I. & G. N. R. R. Co., at its station at Taylor, Texas, sixty beef cattle to be shipped over its line of railway and connecting lines to Chicago, Illinois. On the morning after said delivery, and before the cattle were started on said journey, it was ascertained by said agent that there was a "strike" on one of the connecting lines, which prevented the transportation of said cattle over the route they were to be carried. In consequence of said "strike" the transportation of said cattle was delayed, and they were kept at Taylor until April 7, 1886. While thus being delayed five head of said cattle died from other than natural causes. On the last-named date the remainder of said cattle were started on their journey to Chicago over a different route than the one first intended, and reached Chicago thirteen days thereafter, when the usual time for freight trains between Taylor and Chicago was six days. This suit was

brought by defendants in error to recover of plaintiff in error the value of the five head of cattle which died and the freight charges prepaid for their transportation, and for damages caused by said delay to the remainder of said cattle.  They recovered judgment for $945.46 and costs.  The defense set up by plaintiff in error was the said "strike" on a connecting line of railway.  With respect to said "strike," the agreed facts are as follows: " A strike along and over the lines operated by the Missouri Pacific Railway Company and its connecting lines occurred and continued for a period of about and more than four weeks, during which period no freight or stock trains of any character were moved; that the strikers would not operate the trains themselves nor permit others to do so without resort to violence; that the strike did not originate on the lines operated by the Missouri Pacific Railway Company, nor did it arise out of any grievance alleged against said company, or lines operated by it, but originated on the Texas Pacific Railway Company, then in the hands of receivers appointed by the United States circuit court, the cause of said strike being the discharge of an employee of said Texas Pacific Railway Company at Marshall; that the Missouri Pacific Railway Company, or the defendant, did not institute criminal or other proceedings at Taylor or. elsewhere in Williamson county, Texas, against the strikers, nor did they call on the civil authorities of said county, nor of the state of Texas, until near the end of the strike, to aid them in moving trains; that when application was made to the civil authorities, the sheriff and his assistants, to move trains, all trains requested to be moved were moved, and when the power of the state was invoked the strike was suppressed.  *Held:* With respect to the liability of a common carrier for damages resulting from delay in the transportation and delivery of goods, the rule is that he is liable for such damages if he fail to transport and deliver the goods within a reasonable time.  What is a *reasonable time* must be de-

termined upon the facts of the particular case, and is always a question of fact and not of law. In this respect the liability of a carrier is the same as that of any other bailee. He may excuse the delay by showing accident or misfortune causing it, although such accident or misfortune be not inevitable. All that is required of him is, that he shall exercise due care and diligence to transport and deliver the goods with all convenient dispatch, or, in other words, within a reasonable time under the circumstances of the particular case. [Hutch. on Carriers, §§ 328–331.] A carrier is not bound to use any extraordinary exertions, nor to incur heavy expense, in order to hasten the delivery of goods; but he must use ordinary reasonable diligence to do so. [Empire Trans. Co. v. Wallace, 68 Penn. St. 302.] With respect to the sufficiency of the defense set up in this suit, there has been no decision by the higher courts of this state. From the decisions of the courts of other states we deduce the rules upon the subject to be, that where the misconduct of persons acting unlawfully, such as mobs, etc., delays the running of trains, the only duty resting upon the carrier, if not otherwise in fault, is to use reasonable diligence to overcome the obstacles interposed and forward the goods. A failure to use such reasonable diligence is negligence which renders the carrier liable for delay. [Greisiner v. R. R. Co. 102 N. Y. 563; S. C. 26 Am. & Eng. R. R. Cases, 287; R. R. Co. v. Hazen, 84 Ill. 36; R. R. Co. v. Hollowell, 65 Ind. 188; R. R. Co. v. Burnett, 6 Am. & Eng. R. R. Cases, 391; R. R. Co. v. Jantgan, 10 Brad. 195; Wortheimer v. R. R. Co. 17 Blatch. 421; R. R. Co. v. Yentzen, 10 Ill. App. 295.] Where the delay is caused merely by the refusal of the employees of the carrier to perform their duties as such, the carrier is liable for the delay; but where such employees suddenly refuse to work, and are discharged from or abandon their employment, and their places are promptly supplied by other competent men, who are prevented from doing duty by the strikers, by the use of

lawless and irresistible violence, the carrier is not responsible for delay caused solely by such violence, provided he has used reasonable efforts and diligence to suppress such interference. [R. R. Co. v. Hazen, 84 Ill. 36; Geismer v. R. R. Co. 102 N. Y. 563.]

In the case under consideration the evidence shows that the transportation and delivery of the cattle were delayed unreasonably. It therefore devolved upon the carrier, in order to avoid responsibility for such delay, to show a valid, legal excuse therefor; that is, to show that the delay was not caused by its negligence in failing to exercise ordinary diligence to transport and forward the cattle. It devolved upon the company to prove, not only that the "strike" caused the delay, but also that it used reasonable diligence to relieve its trains from the effect of the strike. The evidence does not show such diligence. It does not show that any efforts whatever were used by the company or its connecting lines to suppress or overcome the strike. It does show, however, that the civil authorities of the state were not called upon to suppress the strike until it had continued for a month or more, and that when said authorities were called upon they promptly suppressed it. The failure of the company to call upon the civil authorities to suppress the strike, under the circumstances of this case, constituted negligence on its part which rendered it liable for the delay. To require the company to call upon the civil authorities for such protection is only requiring of it to use reasonable diligence — such diligence as any person of ordinary intelligence and prudence would exercise under like circumstances. The correctness of this view is illustrated by the facts of this case. As soon as the civil authorities were applied to they promptly responded, and the strike was immediately suppressed by the strong arm of the law.

§ 442. *Negligence; carrier liable for, notwithstanding stipulation to the contrary in contract.* The stipulation in the contract of affreightment to the effect that the

company should not be liable for damages by reason of delay caused by a strike, etc., is unreasonable and invalid in so far as it undertakes to exempt the carrier from liability for damages caused by *negligent* delay. [1 App. C. C. § 1257; 2 App. C. C. §§ 195, 493.]

February 20, 1889.                                        Affirmed.