MISSOURI PACIFIC R'Y CO. v. WILL LEVI.

(Nos. 3193 and 3194.)

APPEAL from Tarrant County. Opinion by WHITE, P. J.

FINCH & THOMPSON, counsel for appellant.

No counsel appeared for appellee.

**§ 9.** *Common carriers; not liable for delay in shipment caused solely by the lawless and irresistible violence of "strikers."* These suits were brought to recover damages from the railroad company for delay and failure to deliver in reasonable time apples shipped over said road, whereby they became injured and were wholly lost. Defendant, the railroad, among other defenses pleaded that, if plaintiff's goods were damaged by delay, the same was occasioned by the interference with the operation of its road by "strikers" and their confederates. Appellee, plaintiff below, excepted specially to this plea of defendant, for the reason that the same was insufficient in law, which exception was sustained by the court, and the plea was stricken out. In this the court erred. In the recent case of Railroad Co. v. Tisdale, decided by the commissioners of appeals, and adopted by the supreme court, it was held, in a cause of action similar to the one under consideration, that the railroad company, the defendant, might show in defense that it could not deliver the freight in a shorter time, owing to interference with the operation of the road by strikers · and their confederates. [See 74 Tex. 8.] This court has held that, "where the delay is caused merely by the refusal of the employees of the carrier to perform their duties as such, the carrier is liable for the delay; but where such employees suddenly refuse to work, and are discharged from or abandon their employment, and their places are promptly supplied by other competent men, who are prevented from doing duty by strikers, by the use of lawless and irresistible violence, the carrier is not responsible for the delay caused solely by such violence, provided he has used reasonable efforts and diligence to suppress such interference." [3 Civil Cas. Ct. App., § 441, citing Railroad Co. v. Hazen, 84 Ill. 36, and Geismer v. Railroad Co., 102 N. Y. 563.] Defendant's plea in this particular was full and explicit in its statement of the facts connected with the strike which occasioned the

delay, and the means it had used to suppress and obviate the same.   If proven as alleged, the defense would have been a good and complete answer to plaintiff's suits.

October 26, 1889.            Reversed and remanded.