### KNUDSEN et al. v. BENN et al.

(Circuit Court, D. Minnesota, Fifth Division. June 22, 1903.)

1. INJUNCTION—LABOR STRIKERS—INTERFERENCES WITH INTERSTATE COMMERCE.
   Employés who have quit their employment have no further interest in the business of their former employer, and no lawful right to interfere with such business by attempting to compel or induce other employés to leave his service, and violate their contracts, by means of threats, force, intimidation, violent or abusive language or persuasion; and where the business is the handling of property while in course of transportation, as a subject of interstate commerce, and it is stopped or obstructed by such action on the part of defendants, the continuance of such interference will be enjoined by a federal court.

In Equity. On motion for preliminary injunction.

H. J. Grannis and Frank Hicks, for complainants.

C. E. Adams and C. B. Miller, for certain defendants.

LOCHREN, J. (orally). The principles that govern this case are pretty well settled. Of course, there are some differences in the language used by different judges in such cases, arising more from the varying circumstances than from any real difference in the apprehension of what the law is governing cases of this kind.

The acts here charged constitute an interference with interstate commerce, and I suppose some matters are stated mainly to show that it is a case over which a federal court has jurisdiction. As Congress has exclusive jurisdiction over commerce among the states and with foreign countries, it is therefore the duty of the federal courts to safeguard the exercise of interstate commerce, and to see that it has protection under the law.

Now, there is no question but that an employé may leave the service of his employer without incurring liability to be required by a court of equity to continue in the service, even if he has contracted to serve for a stated length of time. A breach of such contract may give a right of action at law, but performance will not be enforced in equity. A party may leave the service of his employer, and in the same way an employer may discharge a servant for cause or without cause. When a servant leaves, or an employer discharges a servant, the connection of the servant with the service ceases, and this is especially so when the employé leaves of his own accord. He has the right to do so if he demands higher wages, and the demands are not complied with by the employer. He may leave, but if he does he has no right to insist upon re-employment, or to take means to compel the employer to take him back at higher wages; he has no further interest in the service. Whomsoever the employer may engage afterwards to perform the service is a matter of no concern to the former servant, and he has no right to interfere in the matter any longer. He has left the service, and the only way he can return to it is by making a new contract with the employer, who may receive him back or not, as he sees fit. He has no right to do unlawful acts, or to interfere with the business or property of the employer, to coerce or compel the employer to reinstate him or to accord him higher wages.

The right of laborers to consult together and form unions, if they please, for the purpose of their own advancement and for the obtaining of higher wages, is conceded; and, I suppose, employers have the same right to form unions for the purpose of depressing wages, if they shall see fit to do so. It is a voluntary matter on the one side as well as on the other. The employé has no more right to coerce the employer to give him employment at a rate which he shall name than an employer has to coerce a servant to work at such a rate as he shall determine and dictate.

As this case stands, these individual defendants are not in the employment of the complainants. They have no interest in complainants' business, and they have no right to interfere with that business in any way. The testimony shows that they are interfering; they admit it themselves. They admit it to the extent that they have been placing "pickets," as they call them, to observe who is employed, and for the purpose of inducing such employés to leave the employment of the complainants.

Fellow workmen may agree together to leave at once the service of their employer; but having done so, and being no longer interested in that matter, then, notwithstanding certain dicta in cases that have been read from, it does not seem clear to me that they are acting lawfully when they are persuading the servants of their former employer to break their contracts and leave the service. It is a matter that does not concern them any longer. It is a matter that is apparently injurious to their former employer. It seems to me that such an interference in a matter with which they have no rightful concern and which is injurious to another is not lawful.

But, whether it be so or not, it appears in this case, without any dispute, that there have been some unlawful acts, respecting which some of these defendants pleaded guilty to an indictment charging them with such unlawful acts in matters complained of here. The affidavits of police officers and others also show that there have been assaults and threats made by defendants who had been employed by the complainants in this work against new employés, and that these matters have been continued, and there have been some such occurrences since the issuing of this injunctional order.

That the moving of this freight is a matter of interstate commerce there can be no question. So, in the transferring of all freight from railroads to shipping in the harbor of Duluth, which is in the extremity of the state, there must be either merchandise or articles of commerce coming into the state from other states or from other countries, or going out of the state to such other places.

It seems to me that this injunction must be allowed, and I think that it may fairly extend to any interference, not only with the employés of the complainants, while they are at work and in places where they are performing service, but also to interference with them by pickets, and other ways of waylaying and meddling with them while going to and returning from their work, and especially restraining assaults of any kind by force or violence, or intimidation by threats of force or violence.

The injunctional order issued by the court is as follows:

"Now, therefore, it is ordered that you, the said Bart Benn, E. Wright, Louis Bye, Frank Callaghan, Frank Bodine, Michael Morrissey, Fred. Bixby, William Brown, Frank Cook, James Doyle, Thomas Dorn, Murdock McDonald, David Wright, Harry Raymond, H. E. Pomeroy, Ole Ness, Frank Brandon (whose true name is A. M. Brandon), Local Lodge No. 64 of International Longshoremen, Marine & Transfer Workers' Association, Local Lodge No. 64 of International Longshoremen's Association, and all other persons members of said Local Lodge No. 64 whose names are to complainants unknown, defendants herein, and each of you as individuals and as members of said Local Lodge No. 64, and any and all other persons associated with you, or aiding or abetting you, in committing the acts and grievances in the bill of complaint in this cause set forth, be, and you are hereby, enjoined and commanded to desist and refrain from in any manner interfering with, hindering, obstructing, or delaying the complainants' work, which consists in handling and transferring freight from cars in the yards and at the docks of the Northern Pacific Railway Company at Duluth, Minnesota, and reloading same upon vessels at said docks, and in transferring freight from vessels at said docks to the cars of said railway company, and the handling of interstate and foreign commerce by complainants, their agents, servants, and

employés, at said city of Duluth, by trespassing in and upon the railroad yards and docks of the Northern Pacific Railway Company at Duluth, Minnesota, for the purpose of compelling or inducing, by threats, force, intimidation, violence, violent or abusive language, or persuasion, any employés of complainants to refuse or fail to perform their duties as such employés; also from compelling or inducing, or attempting to compel or induce, by threats, intimidation, force, violence, or abusive or violent language, any of the employés of said complainants to leave their service; also from compelling or attempting to compel, by threats, intimidation, force, violent and abusive language, any person desiring to seek employment with complainants to refrain from accepting employment with them; also from establishing and maintaining spies and pickets of the place of work of complainants' employés, and of said employés, in, about, or adjacent to the yards and docks of said Northern Pacific Railway Company, or in or upon the streets and avenues of the city of Duluth, near by and leading to and from said yards and docks, for the purpose of inducing or compelling, by threats, intimidation, violence, violent or abusive language or persuasion, any employé of complainants to fail or refuse to perform his duties as such, or for the purpose of interviewing employés of complainants, and inducing them not to remain in the complainants' employment; and the said defendants, and each of them, and all persons associated with or aiding or abetting them, be, and they are hereby, enjoined and forbidden from congregating at or near the place of work of complainants' employés, or elsewhere, for the purpose of intimidating or coercing them by threats, violence, abusive or violent language, or for the purpose of preventing them from reaching complainants' place of work, or to return therefrom to their respective houses or boarding places; and that defendants, and each of them, and their associates, are restrained and enjoined from in any manner interfering with or molesting, either by threats, intimidation, violence, abusive or violent language, any of complainants' employés in going to or from complainants' work; and defendants, and each of them, and their associates, are restrained and enjoined from going, either singly or collectively, to the homes or boarding houses or places of residence of complainants' employés, or any of them, for the purpose of intimidating or coercing any or all of them to leave the employment of complainants; and the defendants, and each of them, and all persons associated with them, are hereby restrained and enjoined from doing or committing, or threatening to do or commit, any of the acts or things with which they are charged in said bill of complaint."