## H. B. Sinsabaugh, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. COMMON CARRIERS—*what competent upon question of reasonable time for transportation.* Opinion evidence is not competent; the usual and customary time required for transportation between the points in question is the proper way of making the proof.

2. COMMON CARRIERS—*what does not excuse delay in transportation.* A common carrier cannot avoid its responsibility for damages resulting from unreasonable delay in transportation of goods received by it for shipment, upon the ground that its employes refused to perform their usual duties. In such case the delay is held to result from the fault of the employes of the common carrier, for which fault the common carrier is responsible.

Action on the case. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed May 19, 1909.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and ANDREWS & VAUSE, of counsel.

CRAIG & KINZEL, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover damages alleged to have been occasioned by the unreasonable delay of appellant in transporting 49 mules from Mattoon to the National Stockyards at East St. Louis. A trial by jury resulted in a verdict and judgment against appellant for $250.

It appears from the evidence that the mules in question were received by appellant at Mattoon for shipment to destination at about 5:30 P. M., January 27, 1907; that they left Mattoon at about 7:30 P. M., upon a train scheduled to leave Mattoon at 3 P. M., and arrive in East St. Louis at 3 A. M., the following day; that they did not arrive at destination until nearly midnight the following day; that by reason of the delay in transportation the mules upon their arrival at destination were jaded and gaunt in appearance and had shrunken in weight and were required to be sold upon a declining market; that the loss occasioned appellee by reason of the condition in which the mules arrived at destination and the depreciation in the market was from $2.50 to $7.50 per head.

It is first urged that the court improperly permitted certain witnesses called on behalf of appellee to give opinion evidence as to the reasonable time required for the transportation of live stock over appellant's railroad from Mattoon to East St. Louis. What constituted a reasonable time in which to transport the ship-

ment from Mattoon to East St. Louis was a question of fact to be determined by the jury upon the consideration of all the competent evidence and circumstances in evidence adduced upon the trial, and the inquiry should have been directed to the usual and customary time required for the transportation of stock from the place of shipment to destination. It was not a proper subject for opinion evidence. Hennigh v. C., C., C. & St. L. Ry. Co., 143 Ill. App. 283. Appellant, however, is not in a position to raise the question in this case, because the record discloses that as to the witness C. N. Jones the objection interposed was that he had not shipped stock over the road for five or six years, and that as to the witnesses I. N. Gibbs and C. E. Colson, no objection whatever was interposed to their testimony in that regard. Furthermore, if such evidence had been introduced over the proper objection of appellant it could not have been operated to its prejudice because the uncontroverted evidence establishes the fact that there was a delay in the transportation of the shipment of from sixteen to eighteen hours, and there is no competent evidence in the record excusing or justifying such delay.

The objection on the part of appellant that witnesses called on behalf of appellee were permitted to testify to the amount of depreciation in the value of the mules by reason of their being kept on the cars twenty-eight hours rather than the depreciation in their market value by reason of their having been kept on the cars the length of time, sixteen to eighteen hours, in excess of the time reasonably required to transport them from the place of shipment to destination, is clearly an afterthought. It may be conceded, and we think there is some merit in the contention, that the depreciation in the market value of live stock caused by delay in transportation should be limited to the extent of the delay only, because any confinement of live stock in cars will probably result in some depreciation in its market value, for which depreciation the carrier should

not be held responsible. It appears from the record that when the witness C. N. Jones was interrogated as to the effect upon the market value of the mules by reason of their confinement in the cars for twenty-eight hours, the only objection interposed was that the witness had not shown that he had any experience in handling mules which had been confined in cars that length of time, and that when substantially the same questions were propounded to appellee and the witness I. N. Gibbs no objections whatever were interposed to such questions.

Whether or not appellee had knowledge of and assented to the restrictive provisions of the Limited Liability Livestock Contract, signed by him, or on his behalf by his agent Kalb, was a question of fact for the jury. While the trial court might with propriety have permitted greater latitude to counsel for appellant in the cross-examination of appellee as to his knowledge of the terms and provisions of other similar shipping contracts signed by him, we are fully persuaded that the verdict of the jury on that issue would not have been otherwise than it was if the right of cross-examination had been more liberally indulged.

As an excuse for and in justification of the delay in not transporting the mules within a reasonable time, appellant offered to show that a fireman in its employ, suddenly and without notice, refused to perform his duties, whereby appellant was unable to move the train until another fireman could be secured, and that appellant exercised reasonable diligence to secure the services of another fireman, but the court refused to permit appellant to make such proof. In this there was no error. A common carrier cannot avoid its responsibility for damages resulting from unreasonable delay in transportation of goods received by it for shipment, upon the ground that its employes refuses to perform their usual duties. In such case the delay is held to result from the fault of the employes of the common carrier, for which fault the common carrier is

responsible. P., Ft. W. & C. R. R. Co. v. Hazen, 84 Ill. 36; I. & St. L. R. R. Co. v. Juntjen, 10 Ill. App. 295; P. C. & St. L. Ry. Co. v. Hollowell, 65 Ind. 188; Geismer v. L. S. & M. S. Ry. Co., 102 N. Y. 563.

The allegation in the additional count of the declaration that by reason of the negligence of the defendant said mules were not delivered to plaintiff in time to get them in condition for the market for which they were intended and that plaintiff was, compelled to sell said mules for a smaller sum than they would have brought if they had been promptly delivered, was sufficient to admit proof of a decline in the market as an element of damage.

Other questions raised by appellant have been considered by us, but are not of sufficient importance to merit discussion. There is no error in the record which requires a reversal of the judgment and the same will therefore be affirmed.

*Affirmed.*