### Sarah Roehrig, Appellant, v. Missouri State Life Insurance Company, Appellee.

Heard in this court at the October term, 1928. ▮▮▮ Opinion filed February 1, 1929.

W. J. MacDonald, T. S. Morgan and John W. Freels, for appellant.

Kramer, Kramer & Campbell and Roland H. Wiechert, for appellee; Jourdan & English, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.

This is an appeal from the city court of East St. Louis, from a judgment of the court for the defendant upon the life insurance policy of Martin J. Roehrig, in which the plaintiff, his widow, is beneficiary. A trial was had in May term, 1926, of the said court and a verdict of the jury rendered for the plaintiff in the sum of $1,900. The court, upon a motion for a new trial by the defendant, set the verdict aside. It was stipulated that a new trial should be by the court, the record previously made before the jury being agreed upon as the record before the court. The court found for the defendant and refused plaintiff's propositions of law numbered one to seven, and held defendant's propositions of law numbered one to six as being the law applicable to this case.

The insurance policy sued upon is subject to the terms and conditions of a group policy of insurance issued to the Commonwealth Steel Company. Both of these policies provide that the insurance provided therein terminates with the termination of membership in the Commonwealth Employes' Benefit Association, unless the employee shall elect to continue the insurance in accordance with the conversion privileges contained in said policy. The Commonwealth Employes' Benefit Association was an organization consisting of the employees of said company, which had adopted a constitution and by-laws for its government. Monthly dues were provided for, which covered the premium of the life insurance policies of the members. The dues could be paid direct to the secretary of the organization by the member, or, as was usually done, by a general order signed by a member to the Commonwealth Steel Company to deduct the amount of his dues from his semi-monthly pay.

The group insurance policy provided that ''the insurance on any employee insured hereunder shall cease on the termination of his membership in the Commonwealth Employes' Benefit Association. The insurance on any employee hereunder who, subsequent to his coverage hereunder, shall be temporarily laid off, given leave of absence, or temporarily disabled, may be continued during such period, subject to the provisions for military or naval service hereinafter mentioned, provided the insurance is continued on all whose absence from employment began at the same time.'' The termination of employment by the Commonwealth Steel Company, according to the by-laws of the Commonwealth Employes' Benefit Association, terminated the membership.

Roehrig, the decedent, was a member of the said society and paid his dues by a general order to the Commonwealth Steel Company, authorizing it to deduct the

dues from his pay, which was every two weeks. His dues were $1.80 per month, which covered the premium on his insurance policy. Dues were deducted from his pay on June 23, A. D., 1923. On June 27, A. D., 1923, Roehrig, who was a member of the Molders Union, Local Union No. 412 of the International Molders Union, with the other molders of his local was called out on a strike by the business agent of the International Molders Union owing to a dispute over conditions of labor and recognition of committees.

The strike continued until Roehrig's death, July 26, 1923. On January 1, A. D., 1924, the company made a ruling that all of those who returned at that time were reinstated with their old service records. Roehrig's premium upon his policy to the Missouri State Life Insurance Company had been paid by the Commonwealth Employes' Benefit Association to the 1st day of January, 1924. On August 5, A. D., 1923, the secretary of the Commonwealth Employes' Benefit Association reported to the Missouri State Life Insurance Company a list of names purporting to have terminated their membership. Included in this list was the name of Martin J. Roehrig. The Missouri State Life Insurance Company gave the Commonwealth Steel Company credit of $11.40 as refund premium on Roehrig's life insurance policy. The amount of these insurance policies was determined by years of employment. Roehrig's policy was based on over 12 years' employment. It is not disputed that the amount payable under the policy at the time of Roehrig's death was $1,900.

It is contended by the plaintiff:

1. That the cessation of work on the part of the molders owing to the strike was only temporary cessation of employment and not a termination of Roehrig's employment.

2. As continuance of decedent's insurance depended upon continued membership in the Commonwealth Em-

ployes' Benefit Association such membership could not be terminated on the ground of termination of employment without affirmative action on the part of the association determining whether such cessation of work due to the strike was in fact a termination of the employment within the meaning of the insurance contract.

It is contended by the defendant:

1. That the cessation of work due to the calling out of the molders in the plant on strike included decedent and terminated the employment of decedent with the Commonwealth Steel Company.

2. That the membership of decedent in the Commonwealth Employes' Benefit Association was thereby automatically terminated without notice or affirmative action on the part of the association and the insurance policy of the decedent was canceled automatically.

The rules and regulations of the Commonwealth Employes' Benefit Association were placed in evidence. Section 1, Article III, provides as follows: "Any person in the employ of the Commonwealth Steel Company and at work at the time of applying for membership shall be eligible to membership in the Association." Section 5 of the same article provides as follows: "In case of the termination of the employment of a member for any reason, his membership in the Association shall immediately cease, except as provided in Article V, Section 5."

It is not contended by either side to this controversy that section 5 above referred to applies in any manner to this suit. It is the contention of the appellant that when Roehrig went out on a strike with the other employees of the Commonwealth Steel Company that he did not cease to be an employee as provided in the rules and regulations of the Commonwealth Employes' Benefit Association, but continued as an employee of the Steel Company, and, therefore, his membership in the Benefit Association was not terminated. An ex-

amination of the cases cited by appellant as supporting this contention, discloses that this question is not involved in any manner in any of the cases cited.

In the case of *Knudsen v. Benn,* 123 Fed. 636, the court in its opinion stated the following: ''When a servant leaves, or an employer discharges a servant, the connection of the servant with the service ceases, and this is especially so when the employé leaves of his own accord. He has the right to do so if he demands higher wages, and the demands are not complied with by the employer. He may leave, but if he does he has no right to insist upon re-employment, or to take means to compel the employer to take him back at higher wages; he has no further interest in the service.'' (*Union Pac. R. Co. v. Ruef,* 120 Fed. 102; *Gulf, C. & S. F. R. Co. v. Levi,* 76 Texas 337.)

In the case of *The No. C–4,* 300 Fed. 757, a damage suit arising out of a strike, the court says: ''In this case the marine strike began a week before this, so that the connection of the strikers with the company had been terminated for about a week; that strikers ipso facto cease to be employees or agents of their former employer is the rule adopted by this circuit in *Richland Queen,* 254 Fed. 668, at page 670, 166 C. C. A. 166, and by the New York Court of Appeals in *Geismer v. Lake Shore, etc., Railway Company,* 102 N. Y. 563, 570, 571, 7 N. E. 828, 55 Am. Rep. 837.''

The Supreme Court of our own State in the case of *Pittsburgh, Ft. W. & C. R. Co. v. Hazen,* 84 Ill. 36, held that strikers were no longer the employees of the company. Also in the case of *Mathews v. People,* 202 Ill. 389, that when workmen have left and gone upon a strike that the laborers are at liberty to seek other employment and the employer is at liberty to seek other workmen to fill their places of their former workmen who are then upon a strike.

None of the cases that have been heretofore cited deal squarely with the point involved. We think that

the case of *Chrosniak v. Metropolitan Life Ins. Co.*, 121 Misc. 453, 201 N. Y. S. 211, is a case involving exactly the same points as this case and the court in passing upon the case uses the following language:

"However, from the testimony presented I am convinced that the deceased was a member of the union which called the strike of International employees; that he attended a meeting of the union after July 2, 1922; that the deceased quit work at the time the strike was called, that he never reported for work thereafter and that he never reported himself sick; that no application for benefits or for an individual certificate or policy was made by the deceased; that the deceased paid no premiums after July 1st nor the company in his behalf, and that the company did not pay deceased for working after July 1st. . . .

"The deceased was legally obligated to know his rights in the matter of demanding an individual policy, so no cancellation by the company was necessary to advise him as to that. It is idle to contend that 'active employment' under this group policy cannot be terminated as well by the voluntary quitting of the employee as by his being discharged. I am well satisfied that this deceased quit work July 1st and remained continuously away from work because this strike was called and for no other reason; that all his conduct after July 1st indicates that; that he thus terminated his active employment; and that the correspondence among the railway company, the benefit association, the defendant, and the plaintiff—as indicated by the exhibits—manifests merely a disposition on the part of the defendant to deal fairly in general in handling an unusual and difficult situation, and does not establish any waiver of rights by the defendant nor any admission that deceased remained in the employment of the International Railway Company after July 1st."

It is also contended by the appellant that the defendant could not terminate the membership of Roehrig in their association without some kind of notice having

been given Roehrig of their intentions to do so. The question of assessments, or the payment of the same, is not involved in this case, the only question being whether Roehrig in his lifetime by his own act had terminated his membership in the Commonwealth Employes' Benefit Association, and whether by such termination his policy had become null and void.

We are of the opinion that no notice was required to be given Roehrig by anyone; that by the terms of the by-laws and rules of the association his ceasing to be an employee would *ipso facto* terminate his policy, because he was charged by law to know this fact. There are several facts in evidence which tend strongly to prove that the Commonwealth Steel Company did not consider any of the men who went out on the strike as being in their employ. The fact that the Steel Company did not deduct his assessment from the last payment that Roehrig received from the Steel Company is a circumstance tending to show the attitude of the Steel Company towards Roehrig. The president of the company told Roehrig and others that if they left their employment and went on a strike they would no longer be employees of the company; that their names would be dropped from the books of the Steel Company as employees. All of these circumstances tend to show that the company did not consider Roehrig as one of their employees after the date he went out on the strike. We are of the opinion that when Roehrig left the employment of the Steel Company and went on a strike that he ceased to be a member of the Commonwealth Employes' Benefit Association, and the learned trial judge properly held the propositions as presented by the defendant company to be the law, and that there is no error in the findings of the court and the judgment of the same.

The judgment of the city court of East St. Louis is hereby affirmed.

*Affirmed.*